or are you going to have to speak 15 minutes per side to Attorney Smith or to the Attorney General's Office? I thank the Court. My name is Jennifer Smith with the Tennessee Attorney General's Office. I'd like to reserve three minutes for rebuttal if I may. Very well. The State of Tennessee, through the Warden, appeals to this Court from an order of the District Court granting habeas corpus relief to a State prisoner on a claim of ineffective assistance of counsel that was never presented to the State Courts for consideration in the first instance. The District Court correctly found that that claim was procedurally defaulted, but incorrectly, we believe, analyzed the default under the Martinez v. Ryan exception for excusing a procedural default of an ineffective trial counsel claim. We think that there was error in two respects of the District Court's determination. First, the bulk of the Court's determination was premised on what we believe to be an incorrect assessment of Tennessee law with respect to notice of enhanced sentencing. Can I ask some procedural questions? Yes, ma'am. Do you know when the first trial began? Yes, I—well, I know from the— The date. Do you know the date the first trial began? We've got a 10-day pre-trial requirement, and there's a lot of information about the trial and about the dates that information was provided—March 17, August 18—but I can't find a date when the first trial began. The date that the trial verdict came out. Yeah, well— I can—I know— I mean, we know he was sentenced in— November 19, 1999. And we know the second notice was sent August 18. The notice— August 18, 1999. The notice of enhanced sentence was filed August— 18. 19, 1999. Uh-huh. Yes, ma'am. Well over 10 days in advance. One other question. Your brief seems to me incorrectly states that defendant was sentenced to 60 years as a career offender at both trials. That's incorrect, isn't it? That is incorrect, Your Honor, and I was intending at this moment to bring that up with the court, and I appreciate Mr. Gant for pointing that out. That was actually—the original judgments were not in the record, and I—in looking over the procedural history, I misread the procedural history. And I appreciate him pointing that out and acknowledge the error and apologize for that error, certainly. I do think, however, that that factual point is immaterial to the legal question before the district court, because in our view, the critical fact was the fact of the notice back in the first proceeding and the fact that the defendant was, in fact, found to be a career offender, not on the Class A felony, the aggravated kidnapping, but on the Class B aggravated robbery in the first trial. But, in fact, he was determined to be a career offender for sentencing purposes based on his criminal history. In addition, he was found in that proceeding to be a repeat violent offender, which was taken off the table in the second trial. But, indeed, Your Honor, again, that was an error, and we certainly regret that and apologize for that. Since the relief granted here initially was sending back for resentencing, has anyone done the math as to—isn't he got a huge sentence that this sentence, whatever it is, will be concurrent—I mean, consecutive to? He was determined to be a consecutive—he was determined to run consecutive in the original sentencing hearing. I don't know that under the district court's—the district court amended its judgment to order that he be sentenced on the aggravated kidnapping as a Range 1 standard offender. So, as to that offense, his range would be in the 15 to 25-year range as a standard offender on a Class A felony. But isn't that consecutive to a state term being served? It's unclear from the judgment. If it's a resentencing hearing, I would assume that the consecutive aspect would be back on the table if he was being resentenced. I don't know that— Is it totally discretionary with the judge, or is there some rule of procedure that makes these things consecutive? There is a statutory provision. There are factors that a court would have to find in order to run the sentence consecutively. And by removing the judgment completely, I think that issue is back on the table, but those factors have already been determined by the trial court. I would think that in a resentencing, certainly a defense counsel would try to re-argue the consecutive issue. That was the biggest argument in the resentencing hearing below, was that the sentences should run concurrently rather than consecutively. But I think the consecutive aspect would be back open for consideration, although, as I said, the trial court has already found the factors sufficient to warrant. I forgot. It's in the record, I'm sure. But how old is this gentleman now? Your Honor, I don't know how old he is right now. I seem to recall at some point in the sentencing hearing, there's a reference to him being 29 years old at that time. I'm not very good at math on my feet. Thank you. I think our principal argument with respect to the district court's determination was on the substantiality of the claim, in our view that the court just simply got it wrong on state law grounds. And I think that what state law requires under TCA 4035-202 is that if the state believes that a defendant should be sentenced to anything above a standard range, which is that range 1 standard offender, then there must be written notice given 10 days in advance of trial setting out that fact and setting out the prior convictions that justify the enhanced sentence, the dates of those convictions in the court. The purpose of the notice, and the state courts have made this very clear, is that the defendant needs to have fair notice that he's going to be exposed to something outside of the standard sentencing range. And I think that I would point to the court, and this is a case that's cited in our brief, and I think it's maybe the best sort of a collection of cases on the topic is the Livingston case, which is a Tennessee Supreme Court case that came out in 2006. That case goes through, it sort of outlines a variety of different challenges, challenges to the timing of the notice, challenges to the content of the notice, challenges, cases that challenge notices that may be ambiguous as to which, exactly which class the defendant is going to be sentenced in, cases that challenge situations where there have been procedural developments in the course of the case that may, that have been argued to have altered expectations. And so that case sets out all of those cases and makes clear that Tennessee courts are not interested in hyper-technical requirements with respect to the notice. The notice needs to be given before trial, and the notice needs to be given, put the defendant on fair notice that he's going to be sentenced outside of the range so that in that pretrial stage the defendant can make certain strategic decisions and make decisions with respect to a plea bargain. Even today, I'm sorry. You can finish your sentence. Oh, I was going to say, even today, Tennessee's criminal trial practice manual, the 2014-15 version, says that when notice of enhancement is properly filed and a conviction is obtained, there is no need to refile the notice after reversal of the case on appeal. I mean, that is the state of the law today. What is that? The Tennessee criminal trial practice manual. Does it? Still cites the Vance case for that proposition. I should have published Vance, I guess. This has been getting a lot of press. If I recall, and please correct me if I'm mistaken, I thought that your brief said that even if the state cites the wrong notice provision in its notice of enhanced sentence, let's say they cite 107 or something instead of 108, which is actually applicable, that the fact of the enhanced notice generally is sufficient under 202, I guess. Is that correct? And if so, is there a case that you're aware of? Yes, Your Honor. I believe that that was drawn from this list of cases that was cited in the Livingston case. That's among those classes. It's in that class that talks about the content of the . . . So they can make a mistake as to the section number and you can have the trial and that notice would be sufficient under 202 when the defendant is sentenced under Tennessee law? Is that accurate? There is a case that stands for the proposition that an error in the notice . . . And I can get that to you because I have the Livingston case here. But that, as I recall, is among the cases cited within the Livingston case. Then I can chase it from there. For that proposition. Do you take the position that the citation in the notice to TCA 4035-106 et sec is intended to cover the other categories of persistent offender, career offender, and beyond? That is our position. That section number is the section that begins the enhanced sentencing. That is the section that follows the standard offender. So that's the first enhanced category above standard. So basically what this notice said was . . . The gist of this notice is that the state intends to sentence you above the standard range. And given the three Class A felonies, it clearly puts him as a career offender by definition of the career offender. I guess the state could have more specifically put that section. But certainly we think that giving notice that starting with the first level of enhancement beyond . . . You want to take a short moment to give us the thumbnail sketch of what you think the standard is. There is a great deal of discussion in the briefing disputing what you have to walk through to resolve a procedural default. And it seems to me that it's not one layer, it's two layers. Well, there are a couple of layers, and I think the district court got it wrong on both counts. Under Martinez, for an ineffective trial counsel claim, in order to show cause for that default . . . You must show cause and prejudice. But to show cause, you must show that post-conviction counsel was deficient in failing to raise a substantial claim. So, there must be a finding of deficiency by post-conviction counsel and a finding that the legal issue is substantial. And we think because it's legally erroneous under Tennessee law, that it's an insubstantial claim, number one. And number two, because post-conviction counsel never testified before the district court. There's nothing in this record that shows why counsel didn't present the claim. It could have been that counsel read the Livingston case and decided that it was a meritless issue to raise. We don't know why post-conviction counsel didn't raise it. It's not in the record. And that's when I mentioned in the brief that the record is silent on that point. It's silent as to post-conviction counsel's rationale for not raising it. Certainly, but you would agree that there are some cases in which the error is so obvious that post-conviction counsel would not have to testify. I agree. If it's a clear legal error, I would agree that that would be so. Because I can certainly envision situations where there's a clear legal error, there could be no justification for not raising it. I don't think that that is present here because I think this is not a clear legal error. In fact, I don't think it's an error at all. But in any event, that's where we think that the district court fell short in its analysis here. And I think, as well, because it's an insubstantial claim, it also fails to rise to the level of prejudice for the cause and prejudice prong to excuse it to follow. Very well. You'll have your rebuttal. Thank you, Your Honor. Good afternoon. May it please the Court. Counsel. May I suggest to you, Your Honors, that the decision of the district court in this case is a decision that ought to be upheld. And the reason that the decision of the district court ought to be upheld is simply because the district court determined that there was, in fact, a procedural default. The court then made findings that, based upon its review of the record, the petitioner, Mr. James, had clearly established cause and prejudice in order to excuse the procedural default. Now, there's no issue, no real dispute about whether or not there was, in fact, a procedural default. We concede that. The question then becomes whether or not the record supported the findings of the district court in terms of cause and prejudice. I suggest to you it did. The state's primary position, as I discern it, and I'm not saying that I'm right, but based upon my review of their brief, is simply this. Look, the district court went afoul here in that the district court presumed that post-conviction counsel was ineffective. And the position of the state, again, as I read it, is that there is no support for that. I suggest to you the district court determined correctly that there was ample evidence in the record to support a finding that post-conviction counsel was ineffective. May I cite to you a couple of examples? I think it was, pardon me, I'm confident that it is in the state's brief where they talk about silence with regard to post-conviction counsel's ineffectiveness. I suggest to you that that's probably the strongest argument that counsel was ineffective. And I say that simply because. I don't think that there is an issue that the claim of ineffective assistance of counsel, that is, trial counsel, that's a viable issue. I think given the case law, especially the case law at the time that the second sentencing hearing occurred, given that case law, there's no doubt that the failure on the part of trial counsel to object to the lack of notice was a significant error. Well, let me ask you about that. Yes, Your Honor. Because we do have some case law from Tennessee on the question of whether a notice survives, notice can extend into a second trial. Yes, sir. So, I mean, is the notice trial specific or do they have to, or is one notice enough even if an original conviction and sentence is vacated and they have a second trial? In Vance, that's what we had happen, right? Yes. And there you had the same indictment and the same crime. Yes, sir. And the Vance Tennessee Court of Appeals said the notice for the first trial was sufficient for the second. That's correct, Your Honor. I guess just stopping right there, why isn't that dispositive or at least why doesn't that show that the counsel wasn't incompetent not to make the argument that it was insufficient in Mr. James' trial? I think the answer to that, Judge Kethledge, is this. In Vance, same indictment, same charges. That's not what we have here in Mr. James. When Mr. James went to, pardon me, when his case was sent back and had the second trial, the state sought a conviction on one count and one count only. And I think it is significant that it was only that one count. And when that case came back for trial, pardon me, the second trial, it came back in a totally different legal landscape. Because the repeat violent offender was out. Yes, Your Honor. Correct? Yes. But, I mean, if we assume for the moment that the state gave adequate notice of career offender and Vance says that notice for the first trial carries through to the second, why, I mean, yes, he's not, it's different in the sense, the landscape that he's not subject to repeat violent offender. But why isn't, under Tennessee law, isn't the original notice still valid and it's the same landscape in that sense? Well, the original notice of an intent to seek an enhanced penalty in Mr. James' case was a notice that he be sentenced as a violent repeat offender, if I'm correct. As I say, the landscape changed. That went away in terms of recent case development. That went away. So when he comes back for sentencing, he's got one charge, that's the aggravated kidnapping charge. But that was one of the original charges, correct? It was. It was. It was. So what we've done is we've gotten rid of some charges and we're returning to trial on an initially existing charge upon which he was tried in the first trial. Isn't that correct? That's correct, Your Honor. That is correct. But what I'm saying to Your Honor is this. When you look at the three charges, when you're talking about an attempted felony escape, you're talking about an aggravated robbery, and now you're talking about an especially aggravated kidnapping, well, there might be reason to think, you know what, we should, we being the state, should seek an enhancement, a very severe enhancement. But when you come back and you only have one of those charges, even though it was one of the original charges, I would think, Your Honor, most respectfully, there may be some question as to whether or not the initial enhancement would be appropriate now that we've only got the one charge. But isn't the notice notice to the defendant? I'm struggling with why this defendant who had already been convicted of that very charge and whose counsel representing him both in the first trial and in the second trial, not the person called at the evidentiary hearing, but Wendy Tucker, I think, was her name, is now again counsel and has received a notice that talks about enhancement pursuant to a code, Tennessee Code 4035-106-ETSEC, when the second following section under the enhancement provision is for a career offender. Why would Ms. Tucker or Wendy, whatever her last name is, why wouldn't she be on notice at that second trial that there is an enhancement notice that has been received pursuant to the claims against this defendant? Judge French, I'm going to try and answer your question. Okay. I think, just like Mr. Tampkin, they got caught up and they missed the issue. They dropped the ball. Yeah, but the question is not whether they dropped the ball if you're saying there's no notice. If there was notice and then they dropped the ball, there might not be a claim if the notice was appropriate because the claim that came before the district court is there was no notice. We didn't receive any notice. So don't we have to resolve the notice issue? Judge, I'm going to try and answer your question. I think I'm with you here. There, as you look at the record as it stands right now, there was no notice with regard to that second sensing, even with Vance. Even with Vance saying that the first notice, in some cases, ought to be or should be or is sufficient. That's a totally different factual situation than we have here because in Vance, everything was the same. It was the same indictment. It's the same charge. It's the same guilty. Wasn't this the same indictment for aggravated kidnapping? Yes, ma'am. It was. I understand that my problem is with the way the test functions and what we need to look to. It seemed that the district court—I'm struggling with how the district court seemed to hopscotch the procedural requirements for overcoming this default, this procedural default, and look directly to the merits. Didn't we have to show that this procedural default was resolved? Didn't we have to overcome by showing cause and prejudice in order to take up the issue? What is your understanding of the test as showing both cause and prejudice before we may look to the issue and why you think the district court did that correctly? I think and feel confident that the district court said to itself, in terms of cause, you have what appears to be a viable issue here. That is the failure to object to the lack of notice. Well, your opposing counsel would disagree. But that is perhaps getting too far to the merits. So give me again why you believe you have satisfied the test to overcome the procedural default. My simple answer to that, Judge, is I believe that we were able to satisfy the requirement of cause and prejudice. But I see your question, and I'm struggling with how to answer it, to be quite honest with you. This stuff is extremely complicated. And I'm not the brightest bulb in the box, Judge, let me tell you. But I just want to say this. There's one other thing that I think we need to look at. Even if you say, okay, let's look at this initial notice, and it sought to put Mr. James on notice that he was going to be enhanced as a violent repeat offender. May I just ask a rhetorical question? Doesn't it make a difference that even that particular notice was insufficient? So what you want to say is that that notice that was initially filed is good enough to cover the second trial and the second sentencing. Well, when you look at that first notice, and, Your Honor, you brought this up a few moments ago. The first notice, I think, was in March. March. The repeat violent offenders in March. That's in March. The other one was in August. August 19th was the second. August 18th. 18th. Which was presumably pretty clearly more than 10 days before the trial, correct? I think there's some argument that it wasn't, but that verdict is a month out. I don't believe it was within the 10 days, but that's the advocacy. Where can we look in the record to see when that trial began in order to say that it was not timely? I have not been able to find a date, Your Honor, to be quite honest with you, because I anticipated that this might be an issue. I wish I could point to somewhere in the record where I could definitively say this is the date. I am unaware of such a date. I can answer Judge Guy's question, though, about his age. I believe he's 40 or 41. I think he's going on 41. But, Judge Stranch, I can't point to any place in the record where I can definitively say that this was the date that the trial started, and given that date, the 10-day notice was violated. Because the jury verdict would presumably be immediately at the close of the case, correct? Yes, yes, I would think so. I have no further arguments that you have not already read in your briefs, but I'm certainly open to questions. I think we're all set, Mr. Gant. Thank you for your patience. Thank you very much for your argument. We'll hear rebuttal from the State. I just wanted to address Judge Stranch's question about the process. I found this case instructive. It was a case from this court from July of this year. Does Mr. Gant know you're about to cite this case? I don't think so. I wasn't intending to spring it. I just knew that I had it, and it was the answer to a question. It goes through that process and talks about the steps that can be taken. Oh, is this Martinez stuff? This is Martinez. You had a flurry of these Martinez opinions. This is Atkins? It's Atkins, yes. That's the case that I thought was instructive, the four steps in that case. I agree that it's a confusing issue because in dealing with the cause component, the court has to determine whether post-conviction counsel is ineffective, which I've already said to the court, and second, whether the claims that were defaulted were substantial, within the meaning of Martinez, meaning that they had some merit. The confusing question is whether on the ineffectiveness prong for post-conviction counsel, that also includes deficient performance and prejudice, which would seem to swallow up the prejudice component for causing prejudice. Which would be the second layer. Right. It's kind of just like a kaleidoscope, the same thing. It is. It is, and I think that's what happened in the district court. It all sort of became conflated in an analysis of the merits of the case. So whether you say that the claim was insubstantial because of the state of the law in Tennessee at the time, certainly at the time of the second sentencing, or whether the petitioner failed to demonstrate prejudice to support his burden of showing cause and prejudice, we think that he failed under either circumstance to overcome his procedural default, and we would ask for that reason that the court reverse the judgment below. Very well. Thank you both for your arguments. The case will be submitted. The remaining case is on the briefs, so the clerk may adjourn court. Thank you. Thank you. Thank you. Thank you. Thank you.